| | |
|---|---|
| 1 | MEGAN E. GRAY (SBN 181204) |
| 2 | Roylance, Abrams, Berdo & Goodman, LLP |
|   | 1300 19th Street NW, Suite 600 |
| 3 | Washington, DC 20036 |
|   | Telephone: (202) 530-7365 |
| 4 | Facsimile: (202) 659-9344 |
|   | Email: mgray@roylance.com |
| 5 | |
|   | Attorneys for Plaintiff |
| 6 | M.M.P., INC., d.b.a. FABRICS & FABRICS |

FILED
CLERK, U.S. DISTRICT COURT
MAY 23 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

NOTE CHANGES MADE BY THE COURT.

Priority ___
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | M.M.P., INC., a California corporation, d.b.a. FABRICS & FABRICS, | Case No.: 07-cv-00696 GAF (PLAx) |
| 11 | | |
| 12 | Plaintiff, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| 13 | v. | |
| 14 | FOREVER 21, INC., a California corporation, FOREVER 21 RETAIL, INC., a California corporation, FASHION 21 MERCHANDIZING CORPORATION, a California corporation, FOREVER 21 CAPITAL HOLDINGS, a California corporation, FOREVER 21 INVESTMENTS, LLC, a California corporation, FOREVER 21 LOGISTICS, LLC, a Delaware corporation, FOREVER 21 INTERNATIONAL HOLDINGS, INC., a Delaware corporation, LONDON EYES CORPORATION, a California corporation, and UNICOLORS, INC., a California corporation, | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | Defendants. | |

DOCKETED ON CM
MAY 24 2007
BY           002

I:\m\MMP\Forever21\SPO.doc

## Good Cause Statement

Federal Rule of Civil Procedure Rule 26(c)(7) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order.

This is a copyright infringement lawsuit. The threshold issues in the Complaint center on the validity and infringement of copyright on the accused products. Resolution of these issues and damages analysis will likely require evidence of creation dates, first sales, cost of manufacture, customer lists, sales data, and similar matters, to be disclosed, at minimum, to opposing counsel. Indeed, discovery requests have already been propounded that seek information regarding profit margins and other confidential financial information, such as purchase and sales prices, invoices, 1099 forms, tax returns, wire transfers, credit card receipts, cancelled checks, manufacturing costs, distribution costs, income, and bank account information.

The [Proposed] Stipulated Protective Order is geared toward allowing resolution of the factual and legal issues without imposing undue competitive harm on the parties. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to confidential treatment. The parties further acknowledge that this Order creates no entitlement to file confidential information under seal.

## Confidentiality Agreement

IT IS HEREBY ORDERED as follows:

1. This Protective Order shall govern all documents, materials, testimony, transcripts, responses to requests for admissions, interrogatory responses, items, and/or other information obtained through discovery in this action (collectively

1  "Information") that a Party designates as "Confidential" or "Confidential – Attorneys
2  Only" pursuant to the terms hereof ("Confidential Information").

3      2.    Any Party that produces Information pursuant to discovery in this action
4  and has a good-faith and reasonable basis for claiming that such Information
5  constitutes confidential and/or proprietary information, which, if disclosed to the
6  general public, would reasonably be expected to cause competitive injury to a Party,
7  may designate such Information as "Confidential Information." Any Party that
8  produces Information pursuant to discovery in this action and has a good-faith and
9  reasonable basis for claiming that such Information would be insufficiently protected
10 as "Confidential Information" (in that disclosure to a Party would result in grave and
11 substantial injury) may designate such Information as "Confidential – Attorneys
12 Only."

13     a.    Each Party or non-party that designates Information for protection
14 under this Order shall take care to limit any such designation to specific material that
15 qualifies under the appropriate standards. A designating party or non-party shall take
16 care to designate for protection only those parts of Information that qualify, such that
17 other portions of the Information for which protection is not warranted are not
18 unjustifiably swept within the ambit of this Order. Mass, indiscriminate, or routinized
19 designations are prohibited. If it comes to a Party's or non-party's attention that
20 Information that it designated for protection does not qualify for that protection, the
21 Party or non-party shall promptly notify all other parties that it is withdrawing the
22 designation.

23     b.    For documents, materials, or other written Information, a Party
24 shall designate such Information as Confidential Information by stamping each page
25 or item containing confidential information as "Confidential" or "Confidential --
26 Attorneys Only."

27

28

  c. For testimony, a Party shall designate such Information as Confidential Information on the record. Such Party shall require the reporter to label the portion of the transcript containing the information as "Confidential" or "Confidential – Attorneys Only." Each Party waives attendance during those portions of depositions in which information designated as "Confidential – Attorneys Only" is revealed.

  d. For Information maintained in computer readable or other electronic media such as diskettes, a Party shall designate such Information as Confidential Information by submitting with the Information a written statement that it is "Confidential" or "Confidential – Attorneys Only."

  e. A Party's inadvertent or unintentional failure to designate Information as Confidential Information shall not be deemed a waiver in whole or in part of that Party's claim of confidentiality, if the disclosing Party takes prompt action after discovering such omission to notify all Parties in writing that such Information constitutes Confidential Information.

 3. The Parties shall use Confidential Information solely for purposes of this action, in proceedings factually related to this action, or the investigation of any violation of a Party's rights.

 4. The Parties may use Confidential Information in discovery responses, motions, briefs, and other pleadings, may mark Confidential Information as exhibits, and may use Confidential Information in depositions and at trial in this action. Confidential Information filed with the pleadings or as evidence, and any pleadings or memoranda purporting to produce or paraphrase Confidential Information, shall be filed in sealed envelopes, requesting "under seal" treatment in the manner required by the Local Rules, such that Confidential Information is not available for public inspection.

 5. Except as provided herein, or as otherwise agreed by the producing Party, the Parties shall not disclose information marked as "Confidential" to anyone other

than a "Qualified Person." As used in this Protective Order, the term "Qualified Person" refers to (a) a limited number of officers, directors, and employees of the Parties to this action; (b) attorneys for a Party, and employees and Professional Vendors of such attorneys, for purposes of assisting in this action; and (c) expert witnesses or consultants retained by counsel of record, for purposes of assisting in this action. Professional Vendor is defined as persons or entities that provide litigation support services such as photocopying, videotaping, translating, and preparing exhibits. This Protective Order shall not prohibit any disclosure of Confidential Information as may be required by law to persons other than "Qualified Persons," upon reasonable prior written notice to all other Parties.

6. Except as provided herein, or as otherwise agreed by the producing Party, the Parties shall not disclose information marked as "Confidential – Attorneys Only" to anyone other than the following subset of "Qualified Persons:" (a) attorneys for a Party, and employees and Professional Vendors of such attorneys, for purposes of assisting in this action; and (b) expert witnesses or consultants retained by counsel of record, for purposes of assisting in this action. This Protective Order shall not prohibit any disclosure of "Confidential – Attorneys Only" that may be required by law to persons other than "Qualified Persons," upon reasonable prior written notice to all other Parties.

7. Nothing herein shall prohibit a Party from disclosing a document that constitutes Confidential Information to the person whom the document identifies as an author, addressee, or recipient of such document. Nothing in this Protective Order shall preclude counsel from sharing, in a general way, his or her evaluation of the information so designated so long as no disclosure of the specific contents is made.

8. Except for Professional Vendors, prior to disclosing Confidential Information to any Qualified Person, a Party shall provide a copy of this Protective Order to such Qualified Person and shall obtain such person's written agreement, in

the form attached as Exhibit A, to comply with the terms of this Protective Order. No Qualified Person shall: (a) use Confidential Information for any purpose other than in connection with this action or a factually related action; or (b) disclose Confidential Information to anyone other than a Qualified Person who has agreed in writing, in the form attached as Exhibit A, to comply with the terms of this Protective Order. No Qualified Person shall disclose any "Confidential – Attorneys Only" information to any one other than a Qualified Person who falls within the limited subset of Qualified Persons identified herein.

9. At the conclusion of this litigation, whether by trial or by settlement, all Confidential Information, including any copies thereof, shall either be returned to the producing Party, destroyed, or stored in archives for possible use in the event of alleged further violation of a party's rights. This provision does not apply to documents filed in the Court. Counsel of record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information. The conclusion of this litigation shall not relieve any person to whom Confidential Information has been disclosed from the requirements of this Protective Order.

10. No Party shall be obligated to challenge the propriety of any confidential designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. In any challenge to a designation, the designating party bears the burden of proof to establish the necessity of the designation.

11. If at any time during the pendency or trial of this action, any Party claims that another Party has unreasonably designated Information as Confidential Information or as Confidential – Attorneys Only, the objecting Party may, after a good faith attempt to resolve the dispute with such other Party, make an appropriate application to this Court, under seal pursuant to Local Rules, requesting that specifically identified Information be re-designated or excluded from the provisions of

1  this Protective Order. If the Court determines that the Information was unreasonably
2  designated as Confidential Information or as Confidential – Attorneys Only, the Court
3  shall award the moving party its reasonable attorneys fees and costs incurred in the
4  application proceeding. The parties must utilize the procedures set forth in Local Rule 37.

5      12.    Notwithstanding any other provision hereof, this Protective Order shall
6  not apply to any Information, whether designated as "Confidential" or otherwise, that
7  (a) is or becomes generally available to the public from a source other than
8  unauthorized disclosure by the Parties or their counsel, (b) becomes available to the
9  Parties or their counsel on a non-confidential basis from a source other than the Parties
10 or their counsel, (c) is obtained outside discovery proceedings in this litigation.

11     13.    Subject to the provisions of this Protective Order, Confidential
12 Information may be disclosed to the Court and its employees involved in this action
13 (including court reporters, persons operating video-recording equipment at
14 depositions, interpreters, and any special master, referee, or mediator) and the jury in
15 this action. In the event that Confidential Information is used in any court proceeding
16 in this action, such Information shall not lose its confidential status through such use,
17 and the Party so presenting the Information shall take all reasonable steps to maintain
18 its confidentiality during such use.

19     14.    Third parties who produce Information in this action may join in this
20 Protective Order by stating in writing that they agree to be bound to the terms of this
21 Order and serving that writing on all Parties.

22     15.    Nothing in this Protective Order shall be deemed to preclude any Party
23 from obtaining, on an appropriate showing, additional protection with respect to the
24 confidentiality of any Information produced in discovery in this action, or other
25 modification of this Order. The entry of this Protective Order shall neither constitute,
26 nor be used as a basis for, a finding that any Party has waived any objections that it
27 may have to the use, relevance, or admissibility of any Information.
28

16. This Protective Order shall remain in effect until modified, superseded, or terminated by further order of this Court.

IT IS SO ORDERED.

DATED: 5/22/07

*/s/ Paul L. Abrams*
HON. PAUL L. ABRAMS
United States Magistrate Judge

IT IS SO STIPULATED.

Dated May 14, 2007

MEGAN E. GRAY
ROYLANCE, ABRAMS, BERDO
& GOODMAN

*/s/ Megan E. Gray*

Megan E. Gray

Attorneys for Plaintiff,
MMP, Inc.

Dated _____, 2007
MARK D. BRUTZKUS
LUIS A. GARCIA
MICHAEL W. HICKS
EZRA BRUTZKUS GUBNER LLP

Michael W. Hicks

Attorneys for Defendants FOREVER 21, INC., FOREVER 21 RETAIL, INC., FASHION 21 MERCHANDIZING CORPORATION, FOREVER 21 CAPITAL HOLDINGS, FOREVER 21 INVESTMENTS, LLC, FOREVER 21 LOGISTICS, LLC, and FOREVER 21 INTERNATIONAL HOLDINGS, INC.

15. Nothing in this Protective Order shall be deemed to preclude any Party from obtaining, on an appropriate showing, additional protection with respect to the confidentiality of any Information produced in discovery in this action, or other modification of this Order. The entry of this Protective Order shall neither constitute, nor be used as a basis for, a finding that any Party has waived any objections that it may have to the use, relevance, or admissibility of any Information.

16. This Protective Order shall remain in effect until modified, superseded, or terminated by further order of this Court.

IT IS SO ORDERED.

DATED: _____

HON. PAUL L. ABRAMS
United States Magistrate Judge

IT IS SO STIPULATED.

Dated April 20, 2007

MEGAN E. GRAY
ROYLANCE, ABRAMS, BERDO
& GOODMAN

_____
Megan E. Gray

Attorneys for Plaintiff,
MMP, Inc.

Dated April 20, 2007

MARK D. BRUTZKUS
LUIS A. GARCIA
MICHAEL W. HICKS
EZRA BRUTZKUS GUBNER LLP

_____
Mark B. Brutzkus

Attorneys for Defendants FOREVER 21, INC., FOREVER 21 RETAIL, INC., FASHION 21 MERCHANDIZING CORPORATION, FOREVER 21 CAPITAL HOLDINGS, FOREVER 21 INVESTMENTS, LLC, FOREVER 21 LOGISTICS, LLC, and FOREVER 21 INTERNATIONAL HOLDINGS, INC.

## EXHIBIT "A"

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, acknowledge that I have read the Stipulated Protective Order entered in the United States District Court for the Central District of California on April ___, 2007, in <u>MMP, INC. V. FOREVER 21, ET AL.</u>, and understand the terms thereof, and agree to be bound by such terms. I shall not disclose documents or information designated Confidential pursuant to this Protective Order except as may be specifically permitted by such Order and will use the documents solely for purposes of this litigation in accordance with such Order.

DATED: _____ , ___

_____
(signature)

_____
(print name)

**PROOF OF SERVICE**
M.M.P., Inc. v. Forever 21, Inc., et al.
USDC, Central District of California
Case No.: 07-cv-00696 GAF (PLAx)

I am employed in the District of Columbia. I am over the age of the eighteen years and not a party to the within action. My business address is 1300 19th Street, NW, Suite 600, Washington DC 20036.

On May 14, 2007, I served the following document described as [PROPOSED] STIPULATED PROTECTIVE ORDER on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mark D. Brutzkus, Esq.
Luis A. Garcia, Esq.
Michael W. Hicks, Esq.
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367-4911

[BY MAIL] I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with US postal service on that same day with postage thereon fully prepaid at Washington, DC in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 14, 2007 at Washington, DC.

Jacci Harper

_[signature]_